**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

LORETTA C. ADIGUN,

    Plaintiff,

v.

EXPRESS SCRIPTS, INC.,

    Defendant.

CIVIL ACTION NO.: 2:16-cv-39

## O R D E R

Presently before the Court is Plaintiff's "Motion for Leave of Deposition", which the Court construes as a Motion for Protective Order from Deposition.[1] (Doc. 39.) Defendant filed a Response. (Doc. 40.) Plaintiff filed a Reply. (Doc. 44.) For the reasons set forth below and for the reasons contained in Defendant's Response to this Motion, the Court **DENIES** Plaintiff's Motion.

### BACKGROUND

Plaintiff brought her Complaint pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., ("ADA"). (Doc. 1.) In her Amended Complaint, Plaintiff alleged she suffered a heart attack in August 2014, and Defendant denied her benefits under the Family

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013). Plaintiff's Motion indicates she wishes to be excused from having to sit for an in-person deposition; thus, the Court has construed this Motion as a Motion for Protective Order. See Razor-Munson v. Home Depot USA, Inc., No. 1:12-cv-2305-WSD-RGV, 2013 WL 5606662, at *2 (N.D. Ga. Oct. 11, 2013) (construing *pro se* plaintiff's motion to terminate or limit method and matter of deposition as a motion for request for protective order).

Medical Leave Act and the company's short-term disability plan until she ultimately was terminated from her employment due to excessive absences. Plaintiff also alleged Defendant would not provide her with a reasonable accommodation for her disability of coronary artery disease. (Doc. 7.) Defendant filed its Answer on November 7, 2016. (Doc. 12.) The parties engaged in a Rule 26 conference, and the Court held a Scheduling Conference on January 12, 2017. (Doc. 30.) The Court issued a Scheduling Order on January 13, 2017, and directed the close of discovery for March 27, 2017. (Doc. 32.) Plaintiff filed her Motion on February 13, 2017. (Doc. 39.)

## DISCUSSION

In her Motion, Plaintiff requests the Court "have mercy and grant her a leave from deposition[ ]" in connection with a properly-noticed Rule 30 deposition Defendant scheduled for March 23, 2017, in Brunswick, Georgia.[2] (Doc. 39, p. 1.) Plaintiff states she has been medically advised to monitor her heart rate and avoid any form of stress at all costs. Plaintiff asserts she "was badgered to commit perjury and say that she worked for a company that she has no knowledge of; [sic] so that the Defendant could ask the court for a dismissal of this case." (Id.) Additionally, Plaintiff maintains she "became ill after this ordeal." (Id.) Further, Plaintiff alleges that taking her deposition would be duplicative or cumulative of the written discovery requests Defendant has served upon her.[3] (Id. at pp. 1–2.)

---

[2] Plaintiff states Defendant noticed her deposition for both March 23 and March 27, 2017. (Doc. 39, p. 2.) Defendant clarified in its Response to Plaintiff's Motion that mention of a deposition on March 27, 2017, was a scrivener's error and that the correct date for Plaintiff's properly-noticed deposition is March 23, 2017. (Doc. 40, pp. 1–2 n.1.)

[3] In her Reply, Plaintiff reiterates that she has been subjected to "hostile badgering and manipulations." (Doc. 44, p. 5.) The Court has seen no evidence that Defendant's counsel has badgered or manipulated Plaintiff in any manner. At the January 12, 2017, hearing, the Court observed counsel treat Plaintiff politely and with respect. Furthermore, Plaintiff is reminded that Defendant's counsel has a duty to represent his client's interests in this case. Counsel is only attempting to fulfill that duty, not badger

2

Defendant responds that Plaintiff's Motion should be denied in its entirety because Plaintiff failed to confer with Defendant prior to filing her Motion, and she cannot show good cause to excuse her from sitting for her deposition. The Court addresses Defendant's contentions in turn.

If a party objects to giving a deposition, she may file a protective order under Federal Rule of Civil Procedure 26(c), which permits a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The moving party "must include a certification that [she] has in good faith conferred or attempted to confer with the other affected part[y] in an effort to resolve the dispute without court action." Id. "When evaluating whether 'good cause' exists, 'a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition.'" Fountain v. United States, No. CV 114-127, 2016 WL 4522660, at *2 (S.D. Ga. Aug. 29, 2016) (quoting Baratta v. Homeland Housewares, LLC, 242 F.R.D. 641, 642 (S.D. Fla. 2007), and citing Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)). "Indeed, [i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." Id. (internal citation omitted) (alteration in original).

## I. Plaintiff's Failure to Confer

Defendant acknowledges Plaintiff informed counsel she had to meet with her cardiologist by letter dated January 30, 2017. However, Defendant's counsel states he informed Plaintiff that, if she did not respond to his earlier letter regarding the taking of her deposition, he would unilaterally set a date for Plaintiff's deposition. (Doc. 40, p. 4.) Defendant's counsel noticed

---

Plaintiff, by respectfully seeking clarification of Plaintiff's legal claims and conducting discovery on those claims.

Plaintiff's deposition on February 7, 2017. (Doc. 40-1.) Plaintiff filed her Motion on February 13, 2017.

Plaintiff failed to attach any sort of certification that she acted in good faith in attempting to resolve this discovery dispute before bringing the instant Motion. Instead, Plaintiff states in her Reply she gave "notice that she first wanted to confer with her cardiologist[.]" (Doc. 44, p. 2.) This is no way shows Plaintiff's good faith effort in conferring with Defendant's counsel prior to the filing of her Motion. Thus, the Court **DENIES** Plaintiff's Motion pursuant to Rule 26(c)(1). Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 914 (11th Cir. 2010) (noting that Rule 26, *inter alia*, requires parties to confer in good faith before bringing a discovery dispute).

In addition to failing to comply with the Federal Rules of Civil Procedure, Plaintiff failed to comply with this Court's Local Rule 26.5 and this Court's March 21, 2016, Order, (doc. 4). This Court's Local Rule 26.5 reminds parties "that Fed. R. Civ. P. 26(c) . . . require[s] a party seeking a protective order . . . to certify that a good faith effort has been made to resolve the dispute before coming to court." Further, the Rule 26 Instruction Order this Court issued in this case set forth the steps parties must undertake before filing "any discovery motions", including a motion for protective order. (Doc. 4, p. 5) These steps require the parties to "informally resolve all discovery issues and disputes without the necessity of Court intervention[ ]" by first conferring and complying with the Federal Rules of Civil Procedure and the Local Rules and "by undertaking a sincere, good faith effort" to resolve the difference. (Id.) If informal resolution does not work, the parties are to schedule a telephonic conference with the Court in an effort to resolve the dispute before a motion is filed. If the parties still are unable to resolve the dispute, only then will the Court entertain a discovery motion. (Id. at p. 6.) Additionally, the Court forewarned the parties that it would not entertain any discovery motion unless the parties

4

complied with its instructions, including engaging in a "sincere, good faith effort to resolve the dispute". (Id.)

The Court notes Plaintiff is proceeding before it as a *pro se* litigant.  Plaintiff's status as a *pro se* litigant does not excuse her from following the rules of the Court.  The Court abides by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys, and therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  Plaintiff failed to undertake a good faith effort to resolve this dispute, and she also failed to contact the Court to schedule a telephonic conference prior to the filing of her Motion.  Thus, Plaintiff has failed to abide by this Court's Local Rules and its Order.  For these reasons, the Court **DENIES** Plaintiff's Motion.

**II.     Whether Plaintiff Meets the "Good Cause" Standard**

To eliminate any delay that Plaintiff's refusal to sit for a deposition may cause to the discovery in this case, the Court will address the substance of Plaintiff's arguments.

Plaintiff contends she should not have to sit for her deposition because of her heart condition and because her deposition would be duplicative or cumulative of her written discovery.  Neither of these reasons—singly or in combination—is sufficient to meet the "good cause" standard applicable to Rule 26 motions.

### A. Medical Grounds

"The party seeking a protective order bears the burden of establishing good cause and a specific need for protection." Landry v. Air Line Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 435 (5th Cir. 1990). "In seeking to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health." Stillwagon v. City of Delaware, No. 2:14-CV-1606, 2016 WL 6248956, at *3 (S.D. Ohio Oct. 26, 2016) (citing Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987)); see also Campos v. Webb Cty. Tex., 288 F.R.D. 134, 136 (S.D. Tex. 2012) ("conclusory or speculative statements by a treating physician about the harm which will be suffered without a protective order are simply insufficient").

The Court concludes Plaintiff has failed to meet her "substantial burden of showing extraordinary circumstances based on specific facts that would justify" the issuance of a protective order. Stillwagon, 2016 WL 6248956, at *3 (internal citations and punctuation omitted). Plaintiff only relies on her own conclusory statement that sitting for her deposition may pose a risk to her health. Plaintiff failed to submit any evidence, such as a letter or findings from a medical care provider or even medical records, in support of her bald assertion. Thus, Plaintiff has fallen far short of the level of proof necessary for this Court to take the extraordinary measure of preventing Defendant from deposing her. See Razor-Munson, 2013 WL 5606662, at *2–4 (denying plaintiff's request to terminate or limit her deposition due to medical concerns); Arnold v. Wausau Underwriters Ins. Co., No. 13-cv-60299, 2013 WL 5488520, at *2 (S.D. Fla. Sept. 30, 2013) (denying plaintiff's request for protective order from deposition for medical reasons despite letter from plaintiff's treating psychiatrist); Huggins v. NC Dep't of Admin., No. 5:10-CV-00414-FL, 2012 WL 2061943, at *2 (E.D.N.C. June 7, 2012) (denying protective order where plaintiff

did not present any affidavit or statement from a physician describing why her medical condition would prevent her from giving testimony). Moreover, even though Plaintiff has not produced any evidence that she has met with her cardiologist regarding a deposition, Defendant's counsel has agreed to accommodate Plaintiff during her deposition "on account of any legitimate health restrictions she may have." (Doc. 40, p. 9 n.4.)

Further, Defendant's need to depose Plaintiff far outweighs Plaintiff's scant presentation regarding her medical condition. Plaintiff chose to bring this lawsuit, and her own testimony of her employment relationship with Defendant is critical to this suit. Arnold, 2013 WL 5488520, at *4 ("Defendant would be unduly prejudiced if rendered unable to collect information from the very person bringing the claim."). Additionally, as explained below, other measures of discovery cannot properly substitute for Plaintiff's deposition. The Court cannot lightly deny Defendant what is likely the most critical measure of discovery in this case.

For all of these reasons, Plaintiff has failed to show that any alleged medical condition should excuse her from sitting for her properly-noticed deposition. The Court **DENIES** Plaintiff's Motion on this ground.

### B. Duplicative or Cumulative of Written Discovery

Courts frequently recognize the critical role depositions play in modern litigation. Fountain, 2016 WL 4522660, at *3 (citing Fed. R. Civ. P. 30) ("Depositions are a standard discovery tool in litigation."). The Federal Rules of Civil Procedure presumptively entitle a party to depose any person without leave of court on issues relevant and proportional to the case. Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).")[4] Plaintiff seeks to block

---

[4] A party must obtain leave of court to depose a person if the parties have not stipulated to the deposition <u>and</u> the deposition would result in more than ten depositions, the deponent was already deposed, or the

7

Defendant's efforts to use this basic form of discovery by arguing that it can obtain written discovery from her. However, the Rules establish that parties may use depositions under Rule 30, in addition to other forms of discovery, including interrogatories under Rule 33 and requests for production of documents under Rule 34. "A party is not required by the Federal Rules to utilize only one method of discovery to investigate claims and defenses." Huggins, 2012 WL 2061943, at *2. "[I]t is not unusual for a party to seek to further explore responses to written discovery through a deposition," and "by its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery[.]" Greenoe v. United States, No. 5:10-CR-277-FL, 2015 WL 437560, at *5 (E.D.N.C. Feb. 3, 2015) (citations omitted); Fed. R. Civ. P. 30(a).

Through Plaintiff's deposition, Defendant can obtain vital information that cannot be obtained through written discovery, including specifics of Plaintiff's factual allegations, testimony on documentary evidence and other exhibits, clarification of written discovery responses, and an assessment of Plaintiff's credibility. As one court accurately stated:

> In literally every case requests for admission may be made and interrogatories may be propounded, and they usually are. Moreover, in most cases such written discovery is less burdensome on the person from whom discovery is sought than preparing for and attending a deposition. Written discovery would ordinarily be less expensive as well. Were the use of written discovery generally regarded as an adequate "other source," depositions of parties could always be properly foreclosed by the court. Yet, that would obviously be inconsistent with the overall discovery scheme laid out in the federal rules. It would also run contrary to decades of practice in which lawyers and courts have recognized that the depositions of the parties are an exceedingly important aspect of the discovery process. . . [T]here may be cases in which the peculiar nature of the claims and defenses, combined with the specifics of the written discovery, would support a decision to deny a chance to depose an opposing party[.]

Adams v. Teck Cominco Alaska, Inc., No. A04-49 CV JWS, 2005 WL 846202, at *2 (D. Alaska Apr. 7, 2005).

---

deposition is sought prematurely, or the deponent is in prison. Fed. R. Civ. P. 30(a)(2).

Plaintiff has not shown that being deposed would be duplicative or cumulative of the written discovery requests Defendant's counsel served upon her.[5] Even if a deposition would be duplicative or cumulative, such a result cannot excuse Plaintiff from sitting for her deposition. As noted above, courts routinely allow parties to propound written discovery requests to an opposing party and to take the deposition of that opposing party. In addition, by filing her Complaint with this Court, Plaintiff has agreed to comply with this Court's rules and Orders. This agreement includes participating in the discovery process, which further includes sitting for a properly-noticed deposition. The Court **DENIES** Plaintiff's Motion on this ground.

### C. Defendant Timely Noticed Plaintiff's Deposition

A party must give adequate notice to someone whom they wish to depose. Federal Rule of Civil Procedure 30(b)(1) states: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address[.]" Fountain, 2016 WL 4522660, at *3 (citing Fed. R. Civ. P. 30(b)(1)). This Rule "does not state a bright line rule as to timing of the notice; it only must be 'reasonable.' If the notice is not reasonable, the deposition may be avoided or stayed." Id. (citing Mims v. Central Mfrs. Mut. Ins. Co., 178 F.2d 56, 59 (5th Cir. 1949) (noticing several depositions on the same date in scattered locations was unreasonable)); see also Kolon Industries Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 173 (4th Cir 2014) (five days' notice not reasonable)). In addition, Rule 30(d) governs the length of depositions and provides that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day or 7 hours." Baker v. Becton, Dickinson & Co., No. 10-CV-188-JMH, 2011 WL 2971234, at *1 (E.D. Ky. July 20, 2011) (citing Fed. R. Civ. P. 30(d)).

---

[5] As of the date of Defendant's Response, Plaintiff had yet to respond to its written discovery requests. (Doc. 40, p. 5.) Plaintiff is reminded of her obligation to respond to written discovery requests. See Fed. R. Civ P. 26, 33, 34.

9

On January 27, 2017, Defendant's counsel informed Plaintiff that her deposition needed to be scheduled. Counsel also informed Plaintiff her deposition "may take the better part of a day, and we are entitled under the rules to take up to 7 hours." (Doc. 40-2, p. 3.) Counsel asked Plaintiff to provide a list of dates in early March in which she would be available for her deposition. Counsel advised Plaintiff, "If I do not hear from you on convenient deposition dates, I will take the liberty of scheduling your deposition unilaterally on a date that is convenient for me and my client." (Id.) In response, Plaintiff stated in her letter dated January 30, 2017, she would have to meet with her cardiologist "to see if [sitting for a deposition] is something that is feasible for me and if so under what condition I may participate[.]" (Doc. 40.-3, p. 3.) On February 7, 2017, Defendant's counsel mailed to Plaintiff, via certified mail, a notice of deposition for March 23, 2017, at the offices of Gilbert & Jones Court Reporters in Brunswick, Georgia. (Doc. 40-1.)

Defendant properly noticed Plaintiff's deposition. Counsel provided Plaintiff with the opportunity to suggest convenient dates for her, and, only when she failed to respond with any convenient dates did counsel set Plaintiff's deposition unilaterally. Defendant advised Plaintiff her deposition would be expected to take the better part of a day and that he was entitled, under the applicable Rules, to take up to seven (7) hours' time for this deposition. Additionally, counsel set Plaintiff's deposition for a date which is more than six weeks beyond the date he noticed her deposition. This notice is "reasonable", and Plaintiff cannot avoid sitting for her deposition on this ground. Thus, the Court **DENIES** Plaintiff's Motion for this additional reason.

## CONCLUSION

For the many reasons stated above, as well as for the reasons advanced in Defendant's Response, the Court **DENIES** Plaintiff's Motion and **ORDERS** Plaintiff to appear for her properly noticed deposition on **March 23, 2017, at the offices of Gilbert & Jones Court**

**Reporters in Brunswick, Georgia**.  While the Court understands that litigation can be a stressful course, it is a course that Plaintiff has chosen.  The Court reminds Plaintiff that she has the obligation to prosecute her claims and cooperatively conduct this litigation.  As part of that duty, she must participate in the discovery process.  Consequently, should Plaintiff fail to appear for her properly noticed deposition or otherwise fail to participate in discovery, the Court may dismiss this case for failure to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Orders.

**SO ORDERED**, this 10th day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA