# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

LORETTA C. ADIGUN,　　　　　　*
　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*　　CV 216-39
EXPRESS SCRIPTS, INC.,　　　　 *
　　　　　　　　　　　　　　　　*
　　　Defendant.　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*

## ORDER

Presently before the Court is Plaintiff Loretta C. Adigun's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 27). For the reasons stated below, the motion is **DENIED**.

## LEGAL STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving

party's case. Id. at 325. A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

**DISCUSSION**

The motion before the Court is premature. Defendants in this matter filed their answer little more than a month before the motion at issue was filed. Dkt. No. 12. As a result, neither party has had any opportunity to conduct discovery. "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). No such discovery has occurred here.

Regardless, Plaintiff has failed to present evidence at this point to warrant granting summary judgment. While not


2

entirely clear, Plaintiff's claim appears to be one for disability discrimination under the Americans with Disabilities Act ("ADA"). The ADA prohibits discrimination by an employer "against a qualified individual on the basis of disability" in any of the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Establishing a prima facie case under the ADA requires a plaintiff to show that, at the time of the adverse employment action, she 1) had a disability, 2) was a qualified individual, and 3) was subjected to unlawful discrimination because of her disability. EEOC v. St. Joseph's Hosp., Inc., 842 F.3d 1333, 1337, 1349 (11th Cir. 2016). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

At this point, Plaintiff has provided some evidence that she had a heart condition and worked for the Defendant as a patient care advocate. Further, it appears undisputed that she was afforded short-term disability benefits and a substantial amount of leave in accommodation. Dkt. No. 37 p. 6. However, Plaintiff has provided no evidence that she was well enough to return to work. "To be a 'qualified individual' under the ADA, a person must be able to perform the essential functions of his or her job with or without a reasonable accommodation." Wood

v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003). At this point in litigation, the Court cannot say one way or another whether Plaintiff is a qualified employee. As such, the Court cannot rule that there is no genuine issue of fact, and summary judgment cannot be granted in Plaintiff's favor.

## CONCLUSION

For the reasons stated above, Plaintiff Loretta C. Adigun's Motion for Summary Judgment (Dkt. No. 21) is **DENIED**.

**SO ORDERED**, this 30th day of March, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA