# In the United States District Court for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LORETTA C. ADIGUN, | * | |
| Plaintiff, | * | |
| v. | * | CV 216-39 |
| EXPRESS SCRIPTS, INC., | * | |
| Defendant. | * | |

## ORDER

Presently before the Court is Plaintiff Loretta C. Adigun's ("Plaintiff") Motion for Reconsideration (Dkt. No. 50). For the reasons stated below, the motion is **DENIED**.

## LEGAL STANDARD

A party may seek to alter or amend a judgment in a civil case within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Bostic v. Astrue, No. 1:12-CV-082, 2012 WL 3113942, at *1 (S.D. Ga. July 31, 2012). A Rule 59(e) motion may not be used to re-litigate old matters, raise new arguments or present new evidence that could have been raised prior to the entry of judgment, as "the only grounds for granting a Rule 59(e) motion

are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). "Rule 59(e) is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Bostic, 2012 WL 3113942, at *1 (quoting Wendy's Int'l v. Nu-Cape Const., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996)).

**DISCUSSION**

Plaintiff has failed to demonstrate newly discovered evidence or manifest errors of law or fact that would justify a finding that the Court should amend or alter its previous order. Plaintiff restyles arguments previously considered and raises new arguments that could have been made before dismissal of her claims. Neither form of argument is appropriate on a motion to alter, amend or vacate. Bostic, 2012 WL 3113942, at *1. Plainly, Plaintiff asks the Court to do something it cannot do-find an absence of a genuine issue of material fact *before* the parties have developed the facts of the case through discovery. Plaintiff may refile a Motion for Summary Judgment at the appropriate time, but her previous motion was premature and her current petition for reconsideration does not alter that. As such, Plaintiff's Motion for Reconsideration will be denied.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the reasons stated above, Plaintiff Loretta C. Adigun's Motion for Reconsideration (Dkt. No. 50) is **DENIED**.

**SO ORDERED**, this 15th day of May, 2017.

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA