# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LORETTA C. ADIGUN,

    Plaintiff,

v.

EXPRESS SCRIPTS, INC.,

    Defendant.

CIVIL ACTION NO.: 2:16-cv-39

**O R D E R**

This matter comes before the Court on Defendant's Motion for Leave to File Under Seal. (Doc. 72.) Defendant requests that it be granted leave of Court to file under seal Exhibits 34 and 37 from Plaintiff's deposition, as well as certain documents the Social Security Administration ("SSA") produced in response to Defendant's subpoena request. For the reasons and in the manner set forth below, the Court **GRANTS** Defendant's Motion.

The right of access to judicial records pursuant to common law is well-established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983).

In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. at 598). This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal.

Defendant has shown good cause for requesting leave to file under seal certain documents in support of its Motion for Summary Judgment. Specifically, Defendant cites this Court's Protective Order entered after the parties filed a Joint Motion for Protective Order and note their documents contain sensitive information, as set forth by this Court's Order. (Doc. 72, p. 3.) Further, Plaintiff has not filed any opposition to Defendant's Motion.[1] Accordingly, the Court **GRANTS** Defendant's Motion for Leave to File Under Seal. The Court **DIRECTS** the Clerk of Court to **FILE UNDER SEAL** the following documents relating to Defendant's Motion for Summary Judgment: 1) the unredacted version of Exhibit 34 from Plaintiff's deposition; 2) the unredacted version of Exhibit 37 from Plaintiff's deposition; and 3) excerpts from the documents Defendant received from the SSA in response to Defendant's subpoena requests.

---

[1] In fairness to Plaintiff, Defendant's Motion was filed on August 2, 2017, and her time for response has not yet elapsed. However, Defendant's counsel states he attempted to confer with Plaintiff prior to the filing of this Motion, and he had not received a response from Plaintiff as of the filing of this Motion. (Doc. 72, p. 3.) Moreover, the filing under seal of certain documents Defendant requests is for the protection of Plaintiff's privacy, as these documents contain Plaintiff's medical records and other personal information.

These documents shall remain under seal until further Order of the Court.

**SO ORDERED**, this 7th day of August, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA