# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| LORETTA C. ADIGUN, | |
| Plaintiff, | |
| v. | 2:16-cv-39 |
| EXPRESS SCRIPTS, INC., | |
| Defendant. | |

## ORDER

Presently before the Court are Defendant Express Scripts, Inc.'s Motion for Summary Judgment (Dkt. No. 73) and Plaintiff Loretta C. Adigun's Motion for Reconsideration (Dkt. No. 71). These motions have been fully briefed and are ripe for review. For the reasons stated below, Defendant's Motion is **GRANTED**, and Plaintiff's Motion is **DENIED**.

## BACKGROUND

Plaintiff Adigun sued Express Scripts, Inc. on March 21, 2016, and amended her complaint on June 13, 2016. Dkt. Nos. 1, 7. Adigun alleges that Defendant violated the Americans with Disabilities Act ("ADA") by denying her request for a reasonable accommodation in the form of additional medical leave. Id. She was diagnosed with coronary artery disease, which limits her

ability to breathe, walk, bend, and lift. Dkt. No. 7 ¶ 3. After Plaintiff suffered a heart attack on August 23, 2014, she was on Family and Medical Leave Act ("FMLA") leave through November 14, 2014. Dkt. No. 73-2, p. 146. She also received paid short-term disability leave from her employer through November 5, 2014, after being granted multiple extensions. Dkt. No. 73-2, 166:11-167:4, 176:1-7, 95:10-24.

While the parties dispute the date of Plaintiff's termination, they agree that she was employed at least until February 25, 2015. Dkt. No. 73-2, 75:18-20. That same month, Adigun applied for Social Security Disability Insurance ("SSDI") benefits based on her heart attack. Dkt. No. 66-1, p. 11. In that application, Plaintiff supplied, "No," next to "Now able to work." Id., p. 5. The Social Security Administration ("SSA") determined that Plaintiff was disabled and granted her monthly SSDI benefits, which she continues to receive (at least until the time of her deposition in this case). Dkt. No. 73-2, 229:9-11, 234:12-14.

Plaintiff filed a motion for summary judgment with this Court on December 19, 2016. Dkt. No. 21. The Court denied that motion on March 30, 2017, explaining that the motion was premature because discovery had not been concluded. Dkt. No. 49. Plaintiff then asked the Court to reconsider that denial in a motion for reconsideration filed on April 20, 2017. Dkt. No.

50. The Court denied that motion, too, explaining that Plaintiff had not met the standards for reconsideration. Dkt. No. 58. Plaintiff then filed a new motion for summary judgment on May 22, 2017. Dkt. No. 59. This Court denied that motion, too, on June 27, 2017, because discovery was not completed. Dkt. No. 69. A few days later, on July 3, 2017, Plaintiff filed the present Motion for Reconsideration. Discovery is now complete.

**LEGAL STANDARD**

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The nonmovant may satisfy this burden in two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d

1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant instead attempts to carry this burden with nothing more "than a repetition of his conclusional allegations, summary judgment for the defendants [is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981).

## DISCUSSION

### I. Defendant's Summary Judgment Motion

Defendant argues that it is entitled to summary judgment because it is not Plaintiff's employer, that Plaintiff did not request a reasonable accommodation from it, and that Plaintiff is not a "qualified individual." The Court takes up each argument in turn in finding that Defendant's Motion should be granted.

### A. Identity of Plaintiff's employer

A plaintiff may only bring an employment discrimination claim—including a claim under the ADA—against her employer. 42 U.S.C. § 12111(2) & (4) ("'[C]overed entity' means an employer . . . ."). Parent companies of an entity are not the entity itself. Hegre v. Alberto-Culver USA, Inc., 508 F. Supp. 2d 1320, 1333-34 (S.D. Ga. 2007), aff'd 275 F. Appx. 873 (11th

AO 72A
(Rev. 8/82)

Cir. 2008) (dismissing an ADA claim against a parent entity who was not the plaintiff's actual employer).

The undisputed evidence in this case shows that Express Scripts, Inc. has never employed Plaintiff. Defendant has brought forth unrefuted proof that Plaintiff was employed by Express Scripts Services Company. In support of this contention, Defendant points to Plaintiff's paychecks, IRS W-2 forms, earnings statements, and employment benefits, all of which identify Express Scripts Services Company as Plaintiff's employer. Dkt. No. 73-3, pp. 8-13. She cannot claim ignorance of her employer's identity in light of all these documents evidencing it with which she regularly interacted. See Allocco v. City of Coral Gables, 221 F. Supp. 2d 1317, 1359 (S.D. Fla. 2002), aff'd 88 F. Appx. 380 (11th Cir. 2003) ("The plaintiffs cannot justifiably claim ignorance of [their employer] when their [] paychecks, IRS forms, and pension benefits indicated . . . the employer responsible for paying their salaries and conferring employment benefits).

Plaintiff argues that there does exist some evidence showing that she was employed by Express Scripts, Inc. located at 2603 Osborne Road, St. Marys, GA. Dkt No. 76, pp. 19-20. In support of this argument, she points to the hire letter. But the hire letter merely refers to Plaintiff's employer as "Express Scripts." Dkt. No. 71-4. As Defendant correctly

AO 72A
(Rev. 8/82)

points out, this description is equally as likely to support Defendant's contention as Plaintiff's—"Express Scripts" can abbreviate Express Scripts, Inc. or Express Scripts Services Company. While the hire letter identifies her work site as 2603 Osborne Road, St. Marys, GA, it makes no mention of "Express Scripts, Inc." Dkt. No. 71-4, pp. 1-2. Plaintiff's argument that she could not have been employed by Express Scripts Service Company because she did not fly to Minnesota every day is without merit. Companies commonly have work sites at places other than their headquarters. Plaintiff knows this, as evidenced by her identifying as Defendant in this action Express Scripts, Inc., One Express Way, Saint Louis, MO 63121, while contending that her work site was not in Saint Louis. Dkt. No. 7.

Plaintiff points to the EEOC's Charge of Discrimination, Exhibit 2.5, as evidence that Defendant acknowledged it was her employer and that the EEOC found Defendant to be her employer. Dkt. No. 76, pp. 20-21. Neither is evidenced by that Charge of Discrimination. Dkt. No. 76-1, p. 20. This was merely a form Plaintiff filled out herself, identifying "Express Scripts Inc." as her employer. Id. Neither the EEOC nor Defendant adopted this finding on that form. Id.

Plaintiff correctly points out that the issue of the proper identity of her employer was reported in Defendant's Rule 26(f)

report. Dkt. No. 24, pp. 4, 13. But that is not a reason to deny Defendant's motion. To the contrary, both the Defendant and the Court have identified this issue for the Plaintiff, but she elected not to amend her Complaint to name the correct entity. See Dkt. No. 12, p. 1 n.1 ("Defendant states that it was never Plaintiff's employer . . . . Defendant is willing to accept an amended complaint, substituting the correct defendant, or Defendant otherwise reserves the right to file an appropriate motion seeking dismissal on these grounds."); Dkt. No. 32, p. 2 (setting deadline for motions to add parties in response to the parties joint report). There is no evidence that the entity sued—Express Scripts, Inc.—employed Plaintiff. There is evidence that an entity not sued—Express Scripts Services Company—employed Plaintiffs. As such, the Defendant—Express Scripts, Inc.—is entitled to summary judgment.

### B. "Qualified" Individual

Even if Plaintiff had sued her actual employer, that employer would be entitled to summary judgment because Plaintiff is estopped from claiming to be a qualified individual. The ADA provides a claim for "qualified individuals." 42 U.S.C. § 12112(a). A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position" in question. 42 U.S.C. § 12111(8). In other words, if an individual cannot perform the

7

essential functions of the job, even with a reasonable accommodation, then she is not qualified. So, "a plaintiff who is totally disabled and unable to work at all is precluded from suing for discrimination" under the ADA. Slomcenski v. Citibank, N.A., 432 F.3d 1271, 1280 (11th Cir. 2005).

This means that a plaintiff suing under the ADA must grapple with any previous assertions that she is "unable to work" that she made on an SSDI claim. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999). The Eleventh Circuit clarified that an ADA plaintiff may survive summary judgment only by adequately explaining "why [her] claim to the [SSA] that [she] was too disabled for work is consistent with [her] ADA claim that [she] could perform the essential functions of the job with reasonable accommodations." Siudock v. Volusia Cnty. Sch. Bd., 568 F. Appx. 659, 662-63 (11th Cir. 2014). The doctrine of judicial estoppel is "designed to prevent parties from making a mockery of justice by inconsistent pleadings." Talavera v. Sch. Bd. of Palm Beach Cnty., 129 F.3d 1214, 1217 (11th Cir. 1997). In arguing that Plaintiff is judicially estopped from pursuing her ADA claim in light of her assertions to the SSA, Defendant points to her application for SSDI benefits in which she supplied "No" after "Now able to work." The Court finds that Defendant mischaracterizes this assertion as one that Plaintiff was permanently unable to work rather than

8

one that she was then unable to work. In fact, Plaintiff asserted in her application that she "hope[d] to be rehabilitated in the future" and to "return to work." Dkt. No. 66-1, p. 11.

Nevertheless, she had a duty to update the SSA at such a time as her disability improved—that is, at the very least, when she regained her ability to work. Dkt. No. 73-8, p. 8. She failed to do so. Failure to inform the SSA that her medical condition improved was an assertion that it had not improved. Yet she asserts that she was able to work as of April 7, 2015. Dkt. No. 59, p. 6. If that were not enough, the inconsistency is made further apparent by Plaintiff's response to her "Cardiac Treatment Questionnaire" on May 16, 2015. Dkt. No. 73-8, p. 23, 25. Operating on Plaintiff's continued assertion that she was unable to work, the questionnaire asked Plaintiff how her condition kept her from working. Id. at 25. She did not take her response as an opportunity to change her position and assert that it did not but explained her "extreme endurance problem." Id. Plaintiff was approved to receive monthly SSDI benefits beginning in February 2015 and has continued to receive them at least through the time of her deposition on March 23, 2017. Dkt. No. 73-2, 229:9-11, 234:12-14

Thus, Plaintiff represented and continues to represent to the SSA that she is unable to work while simultaneously arguing

to this Court that she can perform the essential functions of the job in question. She must explain this inconsistency in order to avoid estoppel. But Plaintiff has offered no explanation. Plaintiff's responsive brief includes a section entitled "Qualified Individual under The Americans with Disabilities Act." Dkt. No. 76, p. 23. But she presents no argument explaining the inconsistency that Defendant identified.

As a result, she is estopped from arguing that she is able to work, and the Court finds that she therefore cannot provide sufficient evidence that she is a qualified individual as defined by the ADA.

## II. Plaintiff's Motion for Reconsideration

Plaintiff's latest Motion for Reconsideration is without merit. Her underlying Motion for Summary Judgment lack merit as well. Her Motions for Summary Judgment and Motions for Reconsideration must be DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff Loretta C. Adigun's Motion for Reconsideration (Dkt. No. 71) is **DENIED**. Defendant's Motion for Summary Judgment (Dkt. No. 73) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment and close this case.

.O 72A
Rev. 8/82)

**SO ORDERED,** this 21st day of November 2017.

                                                         HON. LISA GODBEY WOOD
                                                        UNITED STATES DISTRICT JUDGE
                                                        SOUTHERN DISTRICT OF GEORGIA